# ORIGINAL

FILED
U.S. DISTRICT COURT
A DIV.

2009 JUL 31  PM 1: 39

CLERK _L. Ilbarden_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| SHIRLEY AMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-030 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Based on claims of disability dating back to April 15, 2004, Plaintiff applied for DIB and SSI on April 29, 2004; these applications were denied initially and upon reconsideration.

Tr. ("R."), pp. 12, 41-44. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). At the hearing, Plaintiff, who was represented by a an attorney, testified on her own behalf; the ALJ also heard testimony from a Vocational Expert ("VE"). R. 253-301. The ALJ issued an unfavorable decision on April 18, 2007. R. 9-18.

Applying the five-step sequential process required by 20 CFR §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has the following severe impairments: chronic obstructive pulmonary disease, claudication in her right calf, osteoporosis, and mild denervation of left ulnar nerve at the left elbow. (20 CFR §§ 404.1520(c) and 416.920(c)).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the Residual Functional Capacity ("RFC") to perform light exertional work (20 CFR §§ 404.1567(b) and 416.967(b)),[1] provided she is not subjected to any concentrated exposure to environmental irritants/pollutants. The claimant is

---

[1]Light work involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR §§ 404.1567(b) and 416.967(b).

2

capable of performing past relevant work as an informal waitress, and cashier/checker. These types of work do not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR §§ 404.1565 and 416.965). The claimant has not been under a disability as defined in the Social Security Act, from April 15, 2004, through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f)).

R. 14-18.

When the Appeals Council ("AC") denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). Having exhausted her administrative remedies, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal of that adverse decision. Plaintiff now argues that the ALJ erred by failing to properly consider and explain the weight given the opinion of her treating and consultative physicians. (Pl.'s Br., p. 8). Plaintiff also argues that substantial evidence does not support the ALJ's conclusion that Plaintiff can perform light work, even if precluded from work around concentrated pulmonary irritants. (Id. at 9). Finally, Plaintiff argues that the ALJ did not properly consider all of Plaintiff's severe impairments. (Id. at 12).

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the

3

Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails

either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff argues that the case should be remanded because the ALJ erred in failing to state with particularity the weight given to the opinions of Dr. Mark Griffis, one of Plaintiff's treating physicians, and Dr. Vasudev Kulkarni, a consultative physician. (Pl.'s Br., pp. 8-9). On the other hand, the Commissioner argues that the ALJ did consider all of the doctors' reports and assessments. In fact, the Commissioner maintains that the ALJ "specifically discussed the medical records proffered by Dr. Griffis and Dr. Kulkarni," and he states, "[T]he opinions by Dr. Griffis and Dr. Kulkarni were properly afforded appropriate probative weight." (Comm'r Br., pp. 6-7).

More specifically, the Commissioner argues that the treatment notes and medical records for Plaintiff, including the opinions of Drs. Griffis and Kulkarni, provide the necessary substantial evidentiary support for the functional determination by the ALJ. Comm'r Br., p. 6. Additionally, the Commissioner asserts that the ALJ properly discounted a document submitted by Dr. Griffis to an insurance carrier, wherein Dr. Griffis notes that Plaintiff is unable to perform work in any occupation (R. 104). Comm'r Br., p. 7. Concerning Dr. Kulkarni, the Commissioner argues that with the exception of his determination concerning Plaintiff's respiratory system, Dr. Kulkarni's findings are not consistent with an opinion of disability. (Id. at 7). Therefore, the Commissioner concludes

5

that this is not a case were the ALJ improperly rejected the opinions of the doctors, but rather, based upon his evaluation of the record, made a proper determination. (Id.). Thus, the Commissioner maintains that the ALJ assigned the appropriate, probative weight to the doctors' opinions. (Id.).

The Court is not persuaded by the Commissioner's argument. Although the ALJ mentions the opinions of Drs. Griffis and Kulkarni, there is no analysis that shows what portions of their opinions the ALJ may have accepted or rejected, let alone his reasons for doing so. Furthermore, the ALJ failed to state with particularity the weight given to the respective opinions. As such, Plaintiff has the better argument.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (ruling that ALJ must accord substantial or considerable weight to opinion of treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (*per curiam*) (same). The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is

6

unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

Additionally, the Eleventh Circuit has ruled, "The ALJ is required to 'state with particularity the weight he gave different medical opinions and the reasons therefor.'" Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*). Although the ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion, Bloodsworth v. Heckler, 703 F.2d 1233, 1240 (11th Cir. 1983), failure to explain the weight given to different medical opinions is reversible error. Sharfarz, 825 F.2d at 279. The Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 CFR § 404.1527(d)(1)-(2), (5).

Turning to the ALJ's assessment of the disputed medical opinions, the ALJ noted that Dr. Griffis's medical records concerning Plaintiff covered the period from February 5, 2004 through October 6, 2005. R. 17. The ALJ stated that these records revealed that Plaintiff smokes ½ pack of cigarettes per day; she has distant wheezing and sinusitis; and she complains of multiple joint pains involving her back, shoulder, and knees. R. 17. The ALJ also noted that Dr. Griffis's records showed that in January 2005, Plaintiff still has some chronic obstructive pulmonary disease and emphysema. R. 17. Finally, the ALJ noted that

Dr. Griffis's office notes of December 21, 2004, revealed that Plaintiff was diagnosed with peripheral vascular disease. R. 17.

Concerning the opinion of Dr. Kulkarni, the ALJ noted that Dr. Kulkarni's September 21, 2004 consultative examination report identified Plaintiff's subjective complaints as well as recounted her medical history. R. 16-17. Additionally, the ALJ noted that Dr. Kulkarni performed a physical examination of Plaintiff's lungs and recorded that the examination revealed poor breath sounds with occasional rhonchi, but no wheezing. R. 16-17. Finally, the ALJ stated that Dr. Kulkarni reported that Plaintiff was not in acute failure or respiratory distress, and she was independent in activities of daily living. R. 16-17.

Although, the Commissioner asserts that the ALJ applied the proper probative weight with respect to Drs. Griffis's and Kulkarni's opinions, there are documents in the record that the ALJ never addressed. Indeed, the Commissioner, in his brief, references a document submitted by Dr. Griffis, albeit, to an insurance carrier, that states that Plaintiff was unable to work in any occupation from April 14, 2004 until the time he signed the document, and he could not determine when Plaintiff would be able to return to work (R.104). Comm'r Br., p. 7. The Commissioner appears to argue that the ALJ discredited portions of Dr. Griffis's opinion concerning Dr. Griffis's finding that Plaintiff was disabled. Comm'r Br., p. 7. Specifically, the Commissioner states, "Dr. Griffis's undated statement to an insurance carrier was conclusory and unaccompanied by any supporting medical findings or clinical observations." (Id.). Notably, however, the ALJ does not address the document in which Dr. Griffis stated Plaintiff was unable to perform any occupation, let alone does the ALJ discredit

any portion of Dr. Griffis's opinion. Thus, it would appear that the ALJ discounted the document, however, he does not make that clear.[2]

The Court notes that the ultimate decision regarding whether a claimant is disabled under the Social Security Act belongs solely to the Commissioner. 20 CFR § 404.1527(e). Nonetheless, Dr. Griffis's statement that Plaintiff had been unable to work at any occupation, coupled with his medical records diagnosing Plaintiff with bronchitis, pleural effusion, chronic obstructive pulmonary disease and congestive heart failure, at the very least, indicate that it was Dr. Griffis's opinion that Plaintiff had some sort of restriction.[3] Therefore, although the ALJ may have considered portions of Dr. Griffis's opinion, the Court cannot tell what part of the opinions were accepted or rejected.[4] In addition, although the ALJ does not note this in his opinion, Dr. Kulkarni found that Plaintiff "gets very easily short of breath on minimal exertion." R. 209. Indeed, the Commissioner, in his brief, acknowledges that Dr. Kulkarni's observation of Plaintiff's respiratory system was not within normal limits (R.

---

[2]Although a treating physician's opinion may be properly discredited, refusal to give a treating physician's opinion substantial weight requires that the ALJ show good cause. Schnorr, 816 F.2d at 578. Here, the ALJ simply did not give any explanation as to what weight he gave Dr. Griffis's opinion.

[3]Dr. Griffis's medical records consistently noted that Plaintiff has, among other things, shortness of breath (R. 147, 149, 150, 151, 156, 158, 159), congestive heart failure and chronic obstructive pulmonary disease (R. 148, 150, 151, 152, 155, 156, 158, 159).

[4]For example, it would appear that the ALJ credited Drs. Griffis's and Kulkarni's opinion to some extent, as the ALJ notes that the State Agency doctors opined that Plaintiff was capable of medium exertion work activity; but based on Plaintiff's testimony and medical records, the ALJ determined Plaintiff was only capable of light work. R. 17. However, because the ALJ did not explain how or to what extent he evaluated the medical opinions of Drs. Griffis and Kulkarni, the Court cannot determine to what extent those opinions aided the ALJ in forming his determination.

208, 210-15). Comm'r Br., p. 7. Again, although the ALJ may have considered portions of Dr. Kulkarni's opinion, the Court cannot tell what part of the opinions were accepted or rejected.

Furthermore, contrary to Dr. Griffis's opinion that Plaintiff was unable to perform work in any occupation, the ALJ, in his opinion found that "a review of the record in this case reveals no restrictions recommended by the treating doctor."[5] R. 19. Additionally the ALJ determined that Plaintiff was capable of performing light work provided she is not subjected to any concentrated exposure to environmental irritants/pollutants. R. 15. As previously noted, jobs in the light work category require a good deal of walking or standing; to be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. 20 CFR §§ 404.1567(b) and 416.967(b). As explained *supra*, portions of Dr. Griffis's and Dr. Kulkarni's opinions suggest that Plaintiff may not be able to perform the work in this category. Indeed, Dr. Griffis opined that Plaintiff was not capable of performing work in any occupation, and Dr. Kulkarni noted that Plaintiff "very easily became short of breath on minimal exertion." However, as the ALJ failed to identify which portions of the opinions he credited and which he rejected, or to what extent he relied on these opinions, the Court cannot provide a meaningful review of the ALJ's decision.

Therefore, although the ALJ may have credited, to some extent, Dr. Griffis's and Dr. Kulkarni's opinions, he failed to state with particularity what weight was given to these

_____

[5]Here, not only is the record is unclear to what extent the ALJ gave Dr. Griffis's opinion any weight, but, it is also unclear whether the ALJ recognized Dr. Griffis as a treating physician.

opinions and to what extent he did rely on the opinions. The Court must review the decision as delivered by the ALJ, but here the Court is unable to perform any meaningful judicial review because the ALJ simply did not make his thought processes known in his decision. See Hudson v. Heckler, 755 F. 2d 781, 786 (11th Cir. 1985) (noting that in the absence of stating specifically the weight accorded each item of evidence, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence).

The Court's recommendation for remand based on the ALJ's failure to properly evaluate the physicians' opinions should in no way be construed as a comment on whether Plaintiff is "disabled" as defined by the Social Security Act. Rather, this case should be remanded for proper consideration, in the first instance at the administrative level of review, of the medical opinions of record.[6]

---

[6]Because the Court is recommending that this case be remanded, the remaining contentions in Plaintiff's brief need not be addressed. However, the Court notes that Plaintiff argues that the ALJ erred in his assessment of Plaintiff's credibility. As discussed *supra*, the ALJ did not perform a proper analysis concerning the opinions of Dr. Griffis and Dr. Kulkarni. These doctors' opinions are relevant to the determination of Plaintiff's credibility. As such, on remand, the better practice would be for the ALJ to state with particularity what weight (if any) he gave the medical opinions so that his basis for discrediting Plaintiff's complaints of pain are sufficiently clear. Additionally, upon remand, any explicit credibility finding about Plaintiff's subjective complaints of pain by the ALJ must be made in accordance with the three-pronged test set forth in Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's pain standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed pain or restriction. Id. When discrediting a claimant's subjective allegations of disabling pain, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

## IV. CONCLUSION

For the reasons described above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** for further consideration by the Commissioner consistent with this opinion.

SO REPORTED and RECOMMENDED this 31st day of July, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE